E. L. SWEARINGEN, Appellee, v. H. E. NEFF, Appellant.

EXECUTION: Sale—Deed—Cancellation of Fraudulently Acquired Deed.
A person who secretly buys up a certificate of execution sale and takes a sheriff's deed in his own name, in violation of his 'agreement with the judgment defendant to pay off the judgment in question and thereby satisfy his own debt to the judgment defendant, has no standing to contest an action by the latter for the cancellation of said deed.

Headnote 1:  23 C. J. p. 741; 39 Cyc. p. 177.

Headnote 1:  10 R. C. L 1359.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 13, 1927.

Action in equity, to cancel and set aside a sheriff's deed to premises belonging to the plaintiff, and for an accounting. The defense was a general denial. The court set aside the sheriff's deed, and awarded judgment on the accounting, and the defendant appeals.—*Affirmed.*

C. H. E. Boardman and H. G. Cartwright, for appellant.

E. N. Farber and W. D. Kearney, for appellee.

FAVILLE, J.—The appellee had a life estate in a farm located in Marshall County. The appellant is his son-in-law, and occupied the premises as a tenant, beginning with the year 1917. One Stewart procured a judgment against the appellee, and levied upon his life estate in said premises. The appellant was owing the appellee an amount of rent in excess of the amount of the Stewart judgment against the appellee. Appellee demanded of the appellant that he should pay the rent that was in arrears, in order that the appellee might satisfy the judgment against him and protect said premises from sale under execution. It was orally agreed between the parties hereto that the appellant would himself pay the amount of said judgment and satisfy the same, and he was to receive credit therefor on

the rent due from him to the appellee. Appellee relied on this promise. Thereafter, the appellant informed the appellee that he had satisfied the judgment, and stated the amount he had paid to do so. This statement was false, and instead of paying the amount of said judgment and satisfying the same, the appellant took a sheriff's certificate of sale, and in due time received a sheriff's deed to said premises. Thereafter, he orally promised the appellee that he would deed said premises to him, but failed and refused to do so; and this action was brought to cancel and set aside the said sheriff's deed. The appellee had no notice or knowledge of the sale under execution, and made no effort to redeem, and had no notice or knowledge that the appellant, instead of paying and satisfying said judgment, had in fact acquired the sheriff's certificate of sale and the sheriff's deed. The appellant offered no evidence upon the trial of the case.

The question for our determination is whether, upon the foregoing state of facts, the appellee was entitled to the relief granted by the trial court. The case is not one of an express trust, which, under our statute, must be in writing. The appellant was owing the appellee a debt in excess of the amount of the judgment of Stewart against the appellee. He agreed with the appellee to pay his said debt to the holder of the judgment against the appellee and to satisfy said judgment. He not only violated his agreement so to do, but, on the contrary, knowing that the appellee relied upon his promise to pay and satisfy said judgment against the appellee, he procured a sheriff's deed to appellee's property under execution issued on said judgment, and falsely represented to the appellee that he had satisfied said judgment. The appellee, relying upon said representations, failed to protect his rights in the premises, and the title to said property under sheriff's deed passed to the appellant.

It would be a sad commentary upon the plenary power vested in a court of equity if it were impotent to deal with such a transaction and to administer equity in such a case. A constructive trust was created by the arrangement and agreement between the appellant and the appellee. The appellant agreed to pay the debt which he was owing to the appellee, in a certain way and for a certain purpose. Appellant knew that the appellee relied upon the promise and agreement of appellant and his assurance that he had performed that agreement. It was

clearly fraudulent for the appellant, under such circumstances, and while the appellee was relying upon his representations, to take the title to the premises in himself. Under the undisputed facts, a constructive trust resulted, and a court of equity has the undoubted power to effectuate the purposes of the trust as can most effectively be done under the conditions that exist. In the instant case, this required the cancellation and setting aside of the sheriff's deed and the revesting of the title to the premises in the appellee. The court properly made an accounting between the parties in regard to the rent due from the appellant and the amount expended by him in the satisfaction of said judgment, and we find no error in the accounting. The statute of fraud does not bar the rights of the appellee to obtain the relief sought under the facts in this case. .

The decree of the trial court meets with our approval, and it is—*Affirmed.*

EVANS, C. J., and STEVENS, KINDIG, and WAGNER, JJ., concur.